# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No. CR-06-264-HE |
| | ) |
| BRANDON L. BAUM, et al., | ) |
| | ) |
| Defendant. | ) |

## SENTENCING MEMORANDUM REGARDING RESTITUTION

At the suggestion of the United States Probation Office, the government is providing the following memorandum regarding restitution in the Oak Tree mortgage fraud prosecution. The memorandum addresses the restitution already imposed on four defendants who have been sentenced and the restitution expected to be imposed upon the one defendant who pled guilty prior to trial and the 6 defendants who were convicted at trial.

## DEFENDANTS PREVIOUSLY SENTENCED

### Ann Campbell

As discussed at the Campbell sentencing hearing, Ms. Campbell's role in the prosecution was distinct from the other defendants in that she was the only defendant involved in the fraud from the sellers' perspective. The government could not establish that

she reasonably foresaw the full extent of the actual losses on the transactions from false repair invoices. Thus, the plea agreement with Ms. Campbell contained a provision that she be held responsible for restitution to the extent of the commissions received by her firm and that of trial defendant Brandon Baum who was the buyers' real estate agent on the transactions at issue. This Court has the authority to order restitution to the extent agreed upon by the parties to a plea agreement. 18 U.S.C. § 3663(a)(3). Those properties and the commissions were:

| PROPERTY | COMMISSIONS |
|---|---|
| 1304 Burnham Court | $17,500.00 |
| 5916 Morning Dove Lane | $13,350.00 |
| 5809 Oak Tree Road | $21,640.00 |
| **TOTAL** | **$52,490.00** |

Ms. Campbell was held jointly and severally responsible to that extent with Dalton Alford, Brandon Baum, Toney Mykel, and Chuck Caldwell. She has paid that restitution in full. Of those 3 properties, only 5916 Morning Dove Lane (Argent as lender) has resulted in an actual loss in foreclosure; nevertheless, the other two lenders (People's Choice and WAMU) lent money on transactions without knowledge of the fraudulent circumstances of the loans and should be compensated for their administration of the loans. Thus, the Government contends that Ms. Campbell's restitution should stand as it is as agreed in the plea agreement. Counsel

for the Government has conferred with counsel for Ms. Campbell who concurs that the restitution order imposed against her should stand. Moreover, this Court does not have the authority to *sua sponte* re-open an order of restitution. United States v. Bedonie, 413 F.3d 1126, 1129-30 (10th Cir. 2005).

### **Dalton Alford**

Dalton Alford was order to pay restitution on three properties: 1301 Oak Tree Drive (Countrywide as lender), 1000 Irvine Drive (Argent), and 5916 Morning Dove Lane (Argent). At the time of his sentencing, none of those properties had been through foreclosure and his restitution was based on the amounts of the false repair invoices for each of the properties because the actual loss had not been determined. (At this time the actual losses on the three properties has been determined to be a total of $204,240.68.) Again, the parties agreed to the amount of restitution in the plea agreement and this Court could order restitution as so agreed pursuant to 18 U.S.C. § 3663(a)(3). Thus, the restitution figure of $172,489.00 should stand.

### **Anthony Jew**

Although Mr. Jew agreed to restitution totaling over $400,000.00 in his plea agreement, he objected at sentencing to restitution beyond that which was actually owed. Thus, his restitution figure was limited to $13,700.00 on two relevant conduct properties and

the Court imposed restitution in that amount. That amount should stand. It should be noted that neither of those properties requiring restitution are applicable to other defendants in the prosecution.

### Toney Mykel

Toney Mykel was order to pay restitution on four properties: 1301 Oak Tree Drive (Countrywide as lender), 1000 Irvine Drive (Argent), 5916 Morning Dove Lane (Argent), and 5813 Dundee Terrace (Argent). The first three of these properties were also the basis of restitution for Dalton Alford. At the time of his sentencing, none of those properties had been through foreclosure and his restitution was based on the amounts of the false repair invoices for each of the properties because the actual loss had not been determined. (At this time the actual losses on the four properties has been determined to be a total of $263,489.00.) Again, the parties agreed to the amount of restitution in the plea agreement and this Court could order restitution as so agreed pursuant to 18 U.S.C. § 3663(a)(3). Thus, the restitution figure should stand.

Although the actual losses on these four properties as now determined totals $286,951.26, this Court does not have the authority to *sua sponte* re-open an order of restitution. United States v. Bedonie, 413 F.3d 1126, 1129-30 (10th Cir. 2005). Additionally, the government contends that it does not create an objectionable disparate treatment of

defendants to fail to hold Mr. Mykel accountable for the additional approximate $23,000.00 where he did not profit personally from the fraud in the four home sales.

## DEFENDANT WHO PLED GUILTY AND AWAITS SENTENCING
### Timothy McDaniel

Mr. McDaniel agreed to pay restitution in Paragraph 4 of his plea agreement, but no specific amount of restitution was stated in that agreement. Restitution totals $57,641.34 and relates to the property at 1004 Oak Tree Road. Only defendant Brandon Baum is also to be held accountable for restitution on this property. Three other properties (6125 Stonegate Place, 1208 Troone Drive, and 740 Milan Court) were included as relevant conduct against McDaniel for calculation of intended loss, but none of those properties have resulted in an actual loss requiring restitution.

## DEFENDANTS CONVICTED AT TRIAL
### Brandon Baum

Intended loss calculations for Brandon Baum involved twenty-one properties including 1000 Irvine Drive, 5916 Morning Dove Lane, 5813 Dundee Terrace, 1301 Oak Tree Drive, 1004 Oak Tree Drive, and 6215 Stonegate Place (second purchase-Timothy McDaniel not held responsible for this loss). Those six properties and the property at 4215 Ruby Avenue involved losses for restitution purposes. The actual losses are as follows:

| PROPERTY | ACTUAL LOSS/LENDER | JOINT & SEVERALLY LIABLE WITH |
|---|---|---|
| 1301 Oak Tree Drive | $ 18,500.00/Countrywide | Alford, **Joe Therrien** [*see remarks on Joe Therrien below] |
| 1000 Irvine Drive | $ 59,771.48/Argent | Joseph Therrien, Chuck Caldwell |
| 5916 Morning Dove Lane | $125,969.20/Argent | Alford, Chuck Caldwell, Campbell |
| 5813 Dundee Terrace | $ 82,710.58/Argent | Teresa Therrien, Rusty Therrien |
| 1004 Oak Tree Drive | $ 57,641.34/Argent | McDaniel |
| 6125 Stonegate Place | $105,773.63 Credit Suisse(80%)/ Wilshire Credit(20%) | |
| 4215 Ruby Avenue | $ 61,369.00/WMC Mortgage | |
| **TOTAL** | **$511,735.23** | |

Of the total restitution in the amount of $511,735.23 owed by Baum, $316,122.60 is owed to Argent. Baum owes Countrywide $18,500.00. Baum owes Credit Suisse $84,618.90 and Wilshire Credit $21,154.73 on the Stonegate property. Baum owes WMC Mortgage $61,369.00.

**Joseph Therrien**

Joseph Therrien was convicted of fraud related to 1000 Irvine Drive. The actual loss for restitution purposes is $59,771.48. Joseph Therrien should be held jointly and severally liable for this amount with previously sentenced defendants Alford and Mykel and defendants yet to be sentenced Baum and Chuck Caldwell. The Court may consider whether it can be established by a preponderance of the evidence that Joseph Therrien should be held accountable for the intended and actual losses for 1301 Oak Tree Drive. This was the first home occupied by Joseph Therrien and Dalton Alford and is one of the homes listed in Alford's guidelines calculations. The evidence on this property will be that the documents for the transaction are in the name of Alford solely, but that Alford testified that he and Therrien obtained the property together and lived in the home together for a short time prior to purchasing their own separate homes. As well, the proceeds from the false repair invoice involved in this property was deposited into an account for Fiberlink, one of the business ventures operated by both Alford and Therrien. Both Alford and Therrien were signatories on that account. If the intended loss of $34,989.00 is included as relevant conduct for Joseph Therrien, the total resulting intended loss would be $94,989.00, requiring an additional two points on the offense level guideline calculation under §2B1.1. If the Court includes this loss as relevant conduct for Therrien, the actual loss on this property for restitution purposes would be $18,500.00 to Countrywide, joint and severally liable with Alford. That would make Therrien's total restitution figure $78,271.48.

### Teresa Therrien

Teresa Therrien was convicted of fraud related to 5813 Dundee Terrace. The actual loss for restitution purposes is $82,710.58. Teresa Therrien should be held jointly and severally liable for this amount with previously sentenced defendant Mykel and defendants yet to be sentenced Baum and Rusty Therrien.

### Rusty Therrien

Rusty Therrien was convicted of fraud related to 5813 Dundee Terrace, 6125 Stonegate Place, and 1208 Troone Drive. Only 5813 Dundee Terrace involved an actual loss for restitution purposes. The amount for restitution to Argent is $82,710.58. Rusty Therrien should be held jointly and severally liable for this amount with previously sentenced defendant Mykel and defendants yet to be sentenced Baum and Teresa Therrien.

### Chuck Caldwell

Intended loss calculations for Chuck Caldwell involved twenty-four properties including 1000 Irvine Drive and 5916 Morning Dove Lane. Only those two properties involved losses for restitution purposes. The actual loss to Argent on the Irvine Drive property is $59,771.48; thus, that figure should be included in the order for restitution imposed upon Chuck Caldwell. He is jointly and severally liable for this amount with

previously sentenced Alford and Mykel and yet to be sentenced Baum and Joseph Therrien. The actual loss to Argent on the Morning Dove Lane property is $125,969.20; thus, that figure should be included in the order for restitution imposed upon Chuck Caldwell. He is jointly and severally liable for this amount with previously sentenced Alford, Campbell, and Mykel and yet to be sentenced Baum. Total restitution to Argent by Chuck Caldwell is $185,740.68.

### Gayle Caldwell

Gayle Caldwell's intended loss calculations include twenty-one of the twenty-four properties used as relevant conduct for her husband Chuck Caldwell. None of these twenty-one properties have resulted in an actual loss at this time; thus, Gayle Caldwell should not be subject to a restitution order.

Respectfully submitted,

JOHN C. RICHTER
United States Attorney

s/ *SUSAN DICKERSON COX*
Assistant U.S. Attorney
Bar Number: 2346
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8740 (Office)
(405) 553-8888 (Fax)
Susan.Cox@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2007 , I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:  Thomas D. McCormick for Brandon Baum; John W. Coyle, III, for Gayle and Charles Caldwell; Robert L. Wyatt, IV, for Joseph Therrien; Stephen L. Jones for  Teresa and Rusty Therrien; and Rand C. Eddy for Timothy McDaniel..

s/*SUSAN DICKERSON COX*
Assistant U.S. Attorney