# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) | NO. CR-06-264-HE (01) |
| BRANDON L. BAUM, | ) ) ) | |
| Defendant. | ) | |

## **ORDER**

Brandon L. Baum was convicted on April 3, 2007, of six counts of wire fraud and seven counts of money laundering. He was sentenced to 87 months imprisonment on each count, all terms to run concurrently. His convictions and sentence were affirmed on appeal and he now seeks habeas relief pursuant to 28 U.S.C. § 2255. Baum claims his trial and appellate counsel were ineffective because they failed to argue that his money laundering convictions were invalid under United States v. Santos, 553 U.S. 507 (2008).[1] He also claims his trial counsel failed to conduct an investigation and present mitigating evidence at his sentencing. The court concludes that defendant is not entitled to habeas relief as Santos does not invalidate his money laundering claims and he has not shown his counsel was ineffective at sentencing.

Ineffective assistance – Santos

The government contends defendant cannot demonstrate the prejudice required to

---

[1]*To the extent petitioner attempts to resurrect his intended loss argument, it is barred, having been rejected on direct appeal.*

establish ineffective assistance of counsel because Santos is inapplicable.² It argues that Santos pertains to money laundering convictions under 18 U.S.C. § 1957, rather than § 1956, which was the basis for Baum's convictions.³ The government also asserts that Santos is not retroactive and is limited to cases involving illegal gambling operations.

Santos was convicted of running an illegal lottery and money laundering under 18 U.S.C. § 1956. To be convicted under § 1956, the government had to prove that Santos engaged in a financial transaction involving the proceeds of an unlawful activity. Santos paid his employees and the lottery winners with money collected from the gamblers. Those payments were the basis for his money-laundering convictions, which the district court set aside after Santos sought post-conviction relief under 28 U.S.C. § 2255. The trial court concluded that under Seventh Circuit precedent Santos was actually innocent of the crime of money laundering because the word "proceeds" in § 1956 meant net income, not gross receipts, of unlawful activity. The Seventh Circuit affirmed and the Supreme Court agreed in a plurality opinion with the lower courts' conclusion that the term "proceeds," as used in § 1956, refers to "profits," not "gross receipts."⁴ Otherwise, the plurality reasoned,

---

²*Anticipating the government's argument that he had procedurally defaulted his Santos claim, defendant asserted his trial and appellate attorneys were ineffective for failing to raise it. The government focuses on the prejudice prong of the Strickland test, essentially considering the merits of the claim.*

³*Defendant was convicted of engaging in a monetary transaction in criminally derived property in violation of 18 U.S.C. §1957.*

⁴*At that time the money-laundering statute did not define "proceeds." See Garland v. Roy, 615 F.3d 391, 394 (5th Cir. 2010).*

> nearly every violation of the illegal-lottery statute would also be a violation of the money-laundering statute, because paying a winning bettor is a transaction involving receipts that the defendant intends to promote the carrying on of the lottery. Since few lotteries, if any, will not pay their winners, the statute criminalizing illegal lotteries, 18 U.S.C. § 1955, would "merge" with the money-laundering statute. Congress evidently decided that lottery operators ordinarily deserve up to 5 years of imprisonment, § 1955(a), but as a result of merger they would face an additional 20 years, § 1956(a)(1).

Santos, 553 U.S. at 515-16.

The plurality also concluded that

> [t]he merger problem is not limited to lottery operators. For a host of predicate crimes, merger would depend on the manner and timing of payment for the expenses associated with the commission of the crime. Few crimes are entirely free of cost, and costs are not always paid in advance. Anyone who pays for the costs of a crime with its proceeds-for example, the felon who uses the stolen money to pay for the rented getaway car-would violate the money-laundering statute. And any wealth-acquiring crime with multiple participants would become money-laundering when the initial recipient of the wealth gives his confederates their shares. Generally speaking, any specified unlawful activity, an episode of which includes transactions which are not elements of the offense and in which a participant passes receipts on to someone else, would merge with money laundering.

*Id.* at 516.

Justice Stevens, who provided the necessary fifth vote to affirm the Seventh Circuit's decision, did not adopt the plurality's reasoning that proceeds must always be profits. He concluded that proceeds means profits if defining proceeds as receipts would result in the merger problem identified in his and the plurality opinions. *Id.* at 526-28 & n.7 (Stevens, J., concurring). In his view, the term's definition depended on the underlying "specified unlawful activity."

While the circuit courts differ in their interpretations of Santos, they do agree

3

that the case is "retroactively applicable to cases pending on collateral review," Garland v. Roy, 615 F.3d 391, 397 (5th Cir. 2010), and "applies with equal force to transactions prosecuted under Section 1957."[5] United States v. Bush, 626 F.3d 527, 536 (9th Cir. 2010).[6] *Accord* United States v. Kratt, 579 F.3d 558, 560-61 (6th Cir. 2010), *cert. denied*, ___U.S. ___(2010). The Tenth Circuit discussed Santos in United States v. Aguilera-Meza, 329 Fed.Appx. 825, 830 (10th Cir. 2009) (unpublished), *cert. denied*, ___U.S. ___(2010). Aguilera-Meza was convicted of conducting an unlicensed money transmitting business and conspiring to commit money laundering, among other crimes. He, with others, operated a business that transmitted funds from illegal drug transactions by wire transfer from the United States to Mexico. Relying on Santos, Aguilera-Neza contended on appeal that the funds he transferred to Mexico were not "proceeds" under § 1956. He claimed the funds were not profits because they were used to buy additional drugs.

The Tenth Circuit stated: "[e]ven if we were to agree that Santos holds that under § 1956 'proceeds' should be defined by 'profits' and not 'receipts,' this distinction is of no help to Aguilera-Meza." *Id.* at 830. Relying on an example

---

[5]*Section 1957 prohibits monetary transactions in certain criminally derived property. "[C]riminally derived property is defined as "any property constituting, or derived from, **proceeds** obtained from a criminal offense." 18 U.S.C. §1957(f)(2) (emphasis added).*

[6]*After the decision in Santos, Congress amended the money laundering statute to define proceeds to include "gross receipts" of unlawful activity. Pub.L. No. 111-21, § 2(f)(1)(B), 123 Stat. 1617, 1618 (2009) (codified as amended at 18 U.S.C. 1956(c)(9)). However, Baum's motion in this case must be decided on the basis of the prior version of the statute, as interpreted by Santos.*

4

included in Santos, 553 U.S. at 521, the court concluded that evidence that Aguilera-Meza repeatedly accepted receipts from persons he knew were drug dealers created the inference that at least some of the funds included profits. Therefore, the court held, the Santos distinction between proceeds and receipts did not support Aguilera-Meza's argument. *See also* United States v. Searles, 2011 WL 488750 (10th Cir. 2011) (unpublished opinion) (noting confusion created by Santos and finding that because of that confusion and the lack of guidance from the Tenth Circuit, district court did not commit plain error in sentencing defendant on charges allegedly based on receipts rather than profits).

As noted earlier, appellate courts "that have analyzed Santos and Justice Stevens' concurring opinion, have adopted … different views of Santos's holding." Garland, 615 F.3d at 402-03. Some have limited its holding to cases involving illegal gambling operations. *E.g.* United States v. Howard, 309 Fed.Appx. 760, 761 (4th Cir. 2009) (unpublished), *cert. denied*, ___U.S. ___(2009). Others have concluded "'proceeds' means 'profits' where viewing 'proceeds' as 'receipts' would present a 'merger' problem of the kind that troubled the plurality and concurrence in Santos." Bush, 626 F.3d at 535 (internal quotations omitted).[7]

Assuming Santos is not limited to its particular facts, the court finds it does not apply here. The court is persuaded by the Sixth Circuit's conclusion that Santos

---

[7]*The Fifth Circuit summarizes the circuit courts' differing interpretations of Santos in Garland, 615 F.3d at 402-03.*

5

holds that:

> "[P]roceeds"... means profits only when the § 1956 predicate offense creates a merger problem that leads to a radical increase in the statutory maximum sentence and only when nothing in the legislative history suggests that Congress intended such an increase.

Kratt, 579 F.3d at 562. Baum's money-laundering convictions, only some of which appear to present the possibility of merger,[8] included a potential sentence of ten years. 18 U.S.C. § 1957(b)(1). His wire-fraud convictions, in contrast, had thirty year statutory maximums. 18 U.S.C. § 1343. That distinguishes this case from Santos, where an illegal lottery conviction carried a five year sentence while money-laundering under § 1956 could have led to up to twenty years imprisonment. Under these circumstances, the court concludes Santos does not invalidate defendant's money-laundering convictions. Kratt, 579 F.3d at 563.[9] Defendant has not shown the prejudice[10] required to establish his ineffective assistance of

---

[8]*Defendant's money laundering convictions in Counts 2, 4, 6, 8, and 13 appear to be based on monetary transactions involving profits. The allegations in those counts, when considered with the related counts and the evidence at trial, support the government's position that the laundered money or funds at issue in Counts 2, 4, 6, 8, and 13 were profits rather than gross receipts. Defendant has provided no basis for a contrary conclusion. Counts 9 and 11, however, involved reimbursements for expenses. See generally United States v. Kennedy, 64 F.3d 1465 (10th Cir. 1995)*

[9]*Here as in Kratt, because Baum's "§ 1957 conviction does not subject him to a markedly increased statutory maximum, there is no reason to consider whether the legislative history shows that Congress contemplated, and intended, any such outcome." Kratt, 579 F.3d at 563.*

[10]*Having concluded that Santos does not apply to defendant's money laundering claims, it is unnecessary to determine whether defendant could establish the cause required to overcome the procedural default, see Buffin v. United States, 2010 WL 2802477, at \*2-3 (W.D. Mich 2010), or otherwise overcome the procedural bar by asserting fundamental miscarriage of justice (factual or actual innocence).*

counsel claim based on Santos at either the trial or appellate level.[11]  Ineffective assistance – Sentencing[12]

As his second ground for habeas relief, defendant contends his counsel was ineffective during sentencing.  To succeed on this claim petitioner must establish that "counsel's (1) 'representation fell below an objective standard of reasonableness,' and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Welch v. Workman, 607 F.3d 674, 702 (10th Cir. 2010) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984*)).*

Defendant asserts his counsel failed to advise him that he could call witnesses, make a statement or present other mitigating evidence at sentencing.  He contends his counsel also failed to object to the presentence report, did not present certain letters of recommendation to the court,[13] and did not advise the court of his excellent employment record, that he was a first time offender, or that he had a head injury at the age of nine and was in a coma for five

---

[11]*Even if* Santos *applied, it is highly unlikely defendant's ultimate sentence would be affected. While a different disposition might be required as to counts 9 and 11, which consist of at least partial reimbursement for down payments made in connection with the underlying wire fraud, the bulk of the money laundering counts would remain intact. Regardless, defendant's wire fraud convictions would be unaffected.  The sentences imposed on all the counts of conviction were to run concurrently.*

[12]*In his Memorandum, defendant erroneously attempts to base a cumulative error argument on his counsel's alleged omissions in conjunction with his sentencing.  Any such mistakes would be aggregated to constitute a single error.  His other claim of cumulative error, asserted in his traverse, also fails.  Cumulative error analysis applies where there are two or more actual errors. The court has found no error.*

[13]*While counsel may not have presented the letters to the court he did apprise the court of their contents. Sentencing Transcript, p. 15 ("I've just been handed two short letters from [defendant's employers] saying that he's a good employee, and absolutely no problems with that.")*

years.

Contrary to defendant's assertions, his attorney did inform the court that defendant was a good employee[14] and first time offender. Defendant's Memorandum, Exhibit B, p. 15. As the government notes, the presentence report apprised the court of defendant's employment history and his childhood head injury.[15] Defendant also was given the opportunity to speak at his sentencing and declined, stating he had nothing to say. *Id.* at p. 16.

Defendant's attorney did not offer mitigating evidence at sentencing, limiting his presentation to argument.[16] However, defendant does not indicate what evidence could have been presented. He complains his counsel failed to conduct an investigation and interview defendant and his family, but does not suggest what that investigation or those interviews would have revealed. The burden is on defendant to present evidence, not conclusory allegations, of counsel's failures. United States v. Saavedra-Villasenor, 316 Fed.Appx. 718, 721 (10th Cir. 2008) (unpublished). He has not shown that an investigation or the

---

[14]*Counsel's comments related to defendant's employment while awaiting trial. However, the court was aware of defendant's lengthy employment as a realtor from the trial and presentence report.*

[15] *Defendant attests that the physician who treated him while he was in his coma could have testified at his sentencing. He neglects, though, to state what the doctor would have said. Under these circumstances the court cannot find counsel's failure to investigate the effects of defendant's childhood injury was prejudicial. There was no indication that defendant, who was the principal engineer of the fraud scheme, had any cognitive problems.*

[16]*As defendant's trial counsel died while his appeal was pending, the court does not have a response from him regarding defendant's allegations. However, that does not necessitate an evidentiary hearing on this claim or preclude the court from otherwise considering it.*

presentation of witnesses or evidence would have resulted in a different sentence. Defendant's general, unsubstantiated allegations and conclusory assertions that his attorney failed to investigate and introduce possible mitigating evidence are not sufficient to establish ineffective assistance of counsel. Defendant is not entitled to habeas relief on the basis of his counsel's performance at sentencing.

Accordingly, defendant's habeas petition is **DENIED**.[17] Due to the court's denial of habeas relief with respect to most of defendant's convictions, defendant's motion for bail [Doc. # 444] is **DENIED**. Defendant's motions for judicial notice [Doc. Nos. 443, 446], in which he seeks to supplement his Memorandum with supplemental authority, are **GRANTED**. A certificate of appealability is **GRANTED** with respect to defendant's claim that his counsel were ineffective for failing to challenge his money laundering convictions on the basis of Santos and **DENIED** with respect to his claim based on his counsel's performance at sentencing.

**IT IS SO ORDERED**.

Dated this 4th day of March, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[17]*The court concludes an evidentiary hearing, requested by defendant, is not required, as the claims can be resolved solely on the basis of the existing record.*